## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S&P GLOBAL INC. d/b/a PLATTS, <br><br> *Plaintiff*, <br><br> -against- <br><br> WOOD MACKENZIE LIMITED, <br><br> *Defendant*. | **COMPLAINT** <br> Jury Trial Demanded <br><br> Civil Action No. 21-6739 |

Plaintiff, S&P Global Inc. d/b/a Platts ("Platts"), as and for its Complaint against defendant, Wood Mackenzie Limited ("Wood Mackenzie"), hereby alleges as follows:

### NATURE OF THE ACTION

1.    Platts is the leading global provider of energy, petrochemical, and metals information and a premier source of benchmark price assessments and analytics for those markets.

2.    This action arises from Wood Mackenzie's improper use of Platts's proprietary information through deceptive means and abuse of the relationship between the parties. Platts seeks to recover actual damages for breach of the applicable licensing agreement, breach of the covenant of good faith and fair dealing, and misappropriation.  Platts also seeks injunctive relief requiring Wood Mackenzie to cease all use of, and to return and destroy, all copies of Platts's proprietary information.

### THE PARTIES

3.    Platts is a division of S&P Global Inc., a New York corporation with its principal place of business at 55 Water Street, New York, New York 10041.

1

4.      Platts is an independent information and services provider that observes, analyzes, and reports on the commodities and energy markets.  Platts facilitates transparency in the commodities and energy markets by providing timely news, supply and demand fundamentals, insight and analysis, and other information vital to the understanding of the markets and price discovery process.

5.      Defendant, Wood Mackenzie Limited, is a limited liability company organized under the laws of the United Kingdom with a principal place of business at 5 Semple Street, Edinburgh EH3 8BL United Kingdom.

6.       Upon information and belief, Wood Mackenzie provides consulting services and market research to the oil, gas, coal, metals, and mining industries, including reports on major companies operating in those areas, trends analysis and forecasts, and executive overviews.

### JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction over this action because there is complete diversity of the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

8.      Venue is appropriate because the parties regularly transact business in the County of New York and the parties agreed in the applicable written agreement to resolve any disputes in courts located in the State of New York, County of New York.

# BACKGROUND

*Platts's Intellectual Property*

9.      For over 110 years, Platts has been evolving rigorous methodologies for data gathering, mathematical analysis, and specialist judgment to create price assessments that reflect commodities' true values.  Platts has spent, and continues to expend, a significant amount of money, labor, and expertise to these ends.

10.      As such, Platts is the leading independent provider of information and benchmark prices for the energy and commodity markets, most notably for iron ore, coal, and coke.  Platts's benchmark prices and other key information are used by industry participants to price their transactions, write contracts, and otherwise achieve transparency and efficiency.

11.      Platts generates revenue from licensing its proprietary market price data and price assessments to third-party subscribers pursuant to agreements that protect Platts's proprietary rights by carefully circumscribing the manner in which such products and services may be accessed and utilized.

12.      Platts expects to be able to control the licensing of its information and includes in its licensing agreements clear language to this effect.

13.      Platts provides licensees with access to its proprietary information through designated distribution channels.

14.      Platts offers different tiers of licensing subscriptions.  For example, licenses for a subscriber's derivative use are distinct from, and more costly than, licenses that are restricted to a subscriber's internal use.  This is because in addition to accessing Platts's proprietary information, subscribers with derivative use licenses can trade on Platts's name, goodwill, and reputation.

3

*Wood Mackenzie's Access to Platts's Proprietary Information*

15.     According to Wood Mackenzie, it creates reports that help clients "address natural resources challenges and make better commercial decisions" using "objective insights, analyses, and data."

16.     Upon information and belief, Wood Mackenzie's clientele includes multinational institutions and smaller businesses across the globe.

17.     Upon information and belief, Wood Mackenzie does not have the internal capability to price many of the commodities about which it reports.  Wood Mackenzie must therefore rely upon external pricing information to complete its reports and forecasts.

18.     Rather than obtain a derivative use license from Platts, Wood Mackenzie entered into a Master Subscription Agreement with Platts, effective August 15, 2012 (the "Agreement"), for a non-exclusive, non-transferable, limited license to permit a limited number of "Authorized Users [] to access and use internally Platts' proprietary products and services."  Ex. A §1.A.  The Agreement explains that "Authorized Users" are subject to the restrictions set forth therein as well as the restrictions of an appropriate confidentiality undertaking.  *Id.*

19.     The Agreement repeatedly states throughout that Wood Mackenzie's Authorized Users are limited to "use internally" of Platts's proprietary information, and that derivative use is not permissible.  *Id.* §1.A.-D.

20.     Under the Agreement, Wood Mackenzie "shall use the Platts Information only for [its] own internal business, and [Wood Mackenzie] shall not provide access to the Platts Information or any portion thereof to any person [], firm or entity, other than as authorized in this Agreement."  *Id.* §1.B.

4

21.     The Agreement provides Wood Mackenzie with limited redistribution rights in the ordinary course of business, such as: "(i) internal company reports to senior management that are not distributed to any other parties; (ii) annual shareholder reports; and (iii) legally required briefings, such as to regulatory agencies, in each case in the ordinary course of [Wood Mackenzie's] business." *Id*. §1.C.

22.     Except for the limited redistribution rights provided, Wood Mackenzie "shall not create any derivative work from the Platts Information and [] shall not publish, reproduce, and/or otherwise distribute, externally or internally, the Platts Information or any component or portion thereof in any manner (including, but not limited to, via or as part of any Internet site) without an additional license, it being understood that any approved use or distribution of the Platts Information beyond the express uses authorized under th[e] Agreement is subject to the payment of additional fees to Platts." *Id*.

23.     Further, the Agreement requires that Wood Mackenzie "take all precautions that are reasonably necessary to: (i) prevent access to the Platts Information or any component thereof by any individual or entity that is not an Authorized User other than distributions permitted under Section 1.C; (ii) prevent any unauthorized distribution or redistribution of the Platts Information, either internally or externally; and (iii) protect the proprietary rights of Platts, its affiliates and their third-party licensors in the Platts Information." *Id*. §1.D.

24.     The Agreement expressly acknowledges that the licensed information is proprietary and explains that it is "compiled, prepared, revised, selected and arranged by Platts, its affiliates and their third-party licensors through the application of methods and standards of judgment developed and applied through the expenditure of substantial time, effort and money, and the Platts Information constitutes the valuable intellectual property of Platts." *Id*. §7.A.

5

25.     Moreover, "copying of, use of, access to or distribution of the Platts Information or any information, data or software contained therein in breach of this Agreement and/or any Services Attachment shall cause Platts, its affiliates and/or their third-party licensors irreparable injury that cannot be adequately compensated for by means of monetary damages." *Id*. §7.B.

26.     Regarding Wood Mackenzie's access to Platts's proprietary information, the Agreement requires Wood Mackenzie to "hold and cause all of its Authorized Users to hold any passwords/user IDs issued by Platts or by [Wood Mackenzie] in connection with access to the Platts Information in strict confidence, and . . . not permit the sharing of user IDs or passwords, or simultaneous access to the Platts Information via the same user ID or password, or otherwise." *Id*. §2.

27.     Under the Agreement, Platts has the right to inspect or audit Wood Mackenzie's use of the proprietary information during the term of the Agreement and up to two years thereafter.  This includes the right to "audit the manner of access to and usage of the Platts Information, in each case to confirm that fees and charges have been accurately determined and that restrictions on use and access have been observed." *Id*. §6.

28.     The Agreement states that it "represents the entire agreement between the parties hereto in respect of its subject matter.  . . .  There are no oral or written collateral representations, agreements or understandings." *Id*. §9.

29.     Further "no amendment of this Agreement shall be binding upon the parties unless in writing and signed by authorized representatives of Platts and [Wood Mackenzie].  No waiver of any term or condition of this Agreement shall be effective unless agreed to in writing by the party making the waiver." *Id*.

6

30.     The Agreement requires that notices and other communications "shall be in writing and shall be deemed to have been duly delivered if delivered by hand or by a widely recognized overnight delivery service (with evidence of delivery date)."  Further, "[n]o notice hereunder shall be given or made by facsimile or electronic mail."  *Id*. §11.

31.     Accompanying the Agreement are Services Attachments, which are entered into between the parties annually and are pursuant to, and incorporated as part of, the Agreement. The Services Attachments specify the services and delivery method, channel and software, number of authorized users, and pricing.

*Wood Mackenzie Misappropriates Platts's Proprietary Information*

32.     Wood Mackenzie uses Platts information to develop reports related to metals and mining, iron ore, nickel, steel, and zinc.

33.     Upon information and belief, these reports are a significant revenue stream for Wood Mackenzie.

34.     Wood Mackenzie publishes a number of different report types.  Each Wood Mackenzie report type is comprised of discussions about various topics relevant to the overall report.

35.     By way of example, Wood Mackenzie's commodity market reports generally include discussion of market structure, prices, supply-demand balances, and key companies.  The commodity market reports also each include an executive summary containing key forecast data and analysis informed by topics discussed in the report.

36.    Although the reports discuss multiple topics, the topics are not equally informative to the reports' analyses.  Rather, pricing is generally the most heavily weighted factor in Wood Mackenzie's forecasting, and indeed, drives the analysis throughout many of the reports.

37.    In several reports, Wood Mackenzie relies extensively – sometimes exclusively – upon Platts's proprietary information as an integral input to the outlook and cost models.

38.    For example:

- The "Global iron ore short-term outlook" from June 2018 is about 75%-80% reliant on Platts data.  Specifically, it relies extensively on Platts iron ore and pellet prices, as well as lump and sinter fines, for both historical and forward-looking projections.

- About two thirds of the "Global iron ore short term outlook" from October 2019 relies on Platts iron ore pricing and data, as well as Platts insights and analytics.  In it, Wood Mackenzie republishes certain Platts proprietary information in the body of the report.

- The "Global steel short-term outlook" from July 2018 relies upon Platts pricing for about 80% of the models on costs and outlook.  The main forecast table cites Platts exclusively for Chinese rebar prices and their forecast.  Likewise, the cost models within the report are based on Platts information.

- About 70%-80% of the "Global steel short term outlook" from January 2019 relies upon Platts pricing.  Platts pricing is sourced as "key steel prices," for quarterly prices, tables and charts, hot-roiled coil prices, rebar prices, and in the report's costs summary. Platts data is again sourced for cash margins at low cost China producers, cash margins at high-cost China producers, and again for quarterly scrap and metallics prices and annual scrap and metallics prices.

- In the iron ore GEM tool, at least one-third of Wood Mackenzie's analysis relies on Platts pricing that informs Wood Mackenzie's price projections through 2032.

39.     Because Platts is widely recognized for commodities pricing, Wood Mackenzie's use of the Platts name and reliance on Platts's data bolsters the credibility of Wood Mackenzie's reports in the marketplace.

40.     The Agreement does not permit Wood Mackenzie's extensive reliance on or commercialization of Platts data.  Nor does it permit Wood Mackenzie to republish Platts information.  Rather, as set forth in the Agreement, an additional license for derivative use is required for such use.

41.     Wood Mackenzie never obtained the additional, necessary license.  Nor did it follow the notice process prescribed in the Agreement to inform Platts that its use exceeded the bounds of the existing license for internal use or to amend the Agreement.

42.     Rather, during the course of the Agreement, Wood Mackenzie repeatedly attempted to circumvent the Agreement's prescribed terms for obtaining heightened rights, including by attempting to dupe a Platts employee who was not authorized to amend or interpret the Agreement to permit Wood Mackenzie's use of Platts's proprietary information beyond the scope of the Agreement at little to no additional cost.

43.     Wood Mackenzie knew, or should have known, from the clear terms of the Agreement that said Platts employee was not authorized to amend or interpret the Agreement and approached him about the issue in an effort to avoid going through the prescribed process.

*For Over a Year, Wood Mackenzie Has Stonewalled Platts's Efforts to Uncover the Full Extent of Wood Mackenzie's Use of Platts's Proprietary Information*

44.     In mid-2020, Platts began to uncover Wood Mackenzie's violation of the Agreement and extensive misappropriation of Platts's proprietary information.

45.     Since then, Platts has repeatedly sought information about Wood Mackenzie's derivative content and how Wood Mackenzie uses Platts's data in its modeling software.

46.     Platts's requests for information have been in the spirit of finding a resolution.  Nonetheless, Wood Mackenzie has ignored, circumvented, or only partially responded to these requests, and instead relayed irrelevant information from persons within the company without actual knowledge on the subject.

47.     On several occasions, Platts requested to speak with a Wood Mackenzie analyst to understand the manner in which Wood Mackenzie is and has been using Platts's proprietary information.  For example, Platts scheduled a conference call with Wood Mackenzie's Head of Research specifically for this purpose.  Wood Mackenzie's Head of Research agreed to include a Wood Mackenzie analyst on the conference call.  But when the time for the call came, there was no Wood Mackenzie analyst present.  When Platts confronted Wood Mackenzie with the fact that they had not provided access to an analyst as agreed, Wood Mackenzie shut down the discussion and asked Platts to reduce all of its queries about Wood Mackenzie's use to written questions.

48.     By way of another example, Wood Mackenzie refused to allow Platts to audit and determine the extent to which Wood Mackenzie is permitting external single users to access Platts's proprietary information, which, to the extent that Wood Mackenzie is doing so, is a clear violation of the Agreement.

49.     Platts notified Wood Mackenzie of the breaches of the Agreement about which Platts is aware (there are likely others which Platts has not yet uncovered due to Wood Mackenzie's obfuscation) and of Wood Mackenzie's misappropriation of Platts's proprietary

information.  Nonetheless, Wood Mackenzie refuses to cooperate with Platts's audit and inquiry or compensate Platts for the additional license required.

## FIRST CAUSE OF ACTION
(Breach of Contract)

50.     Platts realleges and incorporates herein by reference each allegation contained in paragraphs 1– 49.

51.     Platts and Wood Mackenzie are parties to the Agreement and Services Attachments, valid contracts.

52.     Platts performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement and Services Attachments, and all other conditions required by the Agreement and Services Attachments for Wood Mackenzie's performance to have occurred.

53.     Wood Mackenzie breached its obligations under the Agreement and Services Attachments by: using Platts's proprietary information in a manner other than "use internally" or the limited redistribution rights specified, and by failing to obtain the required additional license necessary.  Wood Mackenzie further breached the Agreement and Services Attachments by failing to "take all precautions that are reasonably necessary to . . . prevent unauthorized distribution or redistribution of the Platts Information, either internally or externally; and [] protect the proprietary rights of Platts . . . in the Platts Information."  Wood Mackenzie further breached the Agreement and Services Attachments by denying Platts meaningful information to evaluate and audit Wood Mackenzie's "manner of access to and usage of the Platts Information."  Ex. A §1.D, §6.

54.     As a direct and proximate result of Wood Mackenzie's breaches, Platts has been damaged in an amount to be proven at trial.  Wood Mackenzie misused Platts's proprietary information for the benefit of Wood Mackenzie.  Through its breaches, Wood Mackenzie was able to exploit Platts's name, goodwill, and reputation.  Moreover, Wood Mackenzie was able to unfairly compete with Platts even though Wood Mackenzie did not invest the time, money, and/or other resources that Platts did to develop the licensed proprietary information.  As a result, Platts has suffered and will continue to suffer economic injury and monetary loss to its business, including for example, lost sales and price erosion of Platts's proprietary information.

55.     Wood Mackenzie's breaches of the Agreement have caused damages to Platts in an amount to be proven at trial.

56.     As a direct and proximate result of the actions of Wood Mackenzie alleged herein, Platts has been irreparably harmed, and that harm will continue absent an injunction restraining Wood Mackenzie from improperly using, copying, publishing, disclosing, or transferring materials gained through the improper use of Platts's proprietary information.

## SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)

57.     Platts realleges and incorporates herein by reference each allegation contained in paragraphs 1– 56.

58.     Platts entered into the Agreement and Services Attachments with Wood Mackenzie under which Wood Mackenzie was provided access to certain Platts proprietary information.  Wood Mackenzie was limited to internal use and limited redistribution rights, and agreed to "take all precautions necessary to . . . prevent unauthorized distribution or redistribution

of the Platts Information, either internally or externally; and [] protect the proprietary rights of Platts . . . in the Platts Information." *Id.* § 1.D.

59.     Platts performed all duties under the Agreement and Services Attachments, and all conditions for performance by Wood Mackenzie had occurred.

60.     Nothing in the Agreement or Services Attachments authorizes Wood Mackenzie to use Platts's proprietary information beyond internal use, or rely extensively or exclusively on Platts's proprietary information in publishing its reports.

61.     The Agreement and Services Attachments each contained and imposed an implied covenant of good faith and fair dealing that Wood Mackenzie would abide by the limitation of the use of Platts's proprietary information, and protect the confidentiality of, and avoid unauthorized use of, Platts's proprietary information.

62.     Despite these covenants, Wood Mackenzie published reports almost exclusively reliant on Platts's proprietary information.

63.     Wood Mackenzie's improper uses of Platts's proprietary information were wrongful, independent of any breach of contract itself.  Wood Mackenzie wrongfully maintained an ongoing contractual relationship with Platts and took advantage of that contractual relationship to continue its use of and benefit from Platts's proprietary information.  Further, Wood Mackenzie repeatedly attempted to circumvent the Agreement's prescribed terms for obtaining an additional license.  Further, despite Platts's right to information about the manner in which Wood Mackenzie uses Platts's proprietary information, Wood Mackenzie has not been forthright about that information.  Indeed, Wood Mackenzie has refused to provide Platts with a full picture of its usage.  Wood Mackenzie's bad faith conduct denied and was calculated to deny Platts the benefit of those

contracts, including its bargained for expectation that Wood Mackenzie would respect and protect Platts's proprietary information.

64.     The wrongful acts of Wood Mackenzie described herein, including its breaches of the implied covenants contained in the Agreement and Services Attachments, were at all relevant times undertaken in bad faith.

65.     Through its breaches of the covenant of good faith and fair dealing, Wood Mackenzie misused Platts's proprietary information against Platts – and for the benefit of Wood Mackenzie – to exploit Platts's name, goodwill, and reputation and compete unfairly in the marketplace.  As a direct and proximate cause of Wood Mackenzie's breaches, Platts has suffered and will continue to suffer economic injury and monetary loss to its business, including, for example, lost sales and price erosion of Platts's products.

66.     Wood Mackenzie's breaches of the covenant of good faith and fair dealing have caused damage to Platts in an amount to be proven at trial.

67.     As a direct and proximate result of the actions of Wood Mackenzie alleged herein, Platts has been irreparably harmed, and that harm will continue absent an injunction restraining Wood Mackenzie from improperly using, copying, publishing, disclosing, or transferring materials gained through the improper use of Platts's proprietary information.

### THIRD CAUSE OF ACTION
(Misappropriation / Unfair Competition)

68.     Platts realleges and incorporates herein by reference each allegation contained in paragraphs 1– 67.

14

69.     Platts uses rigorous methodologies for data gathering, mathematical analysis, and specialist judgment developed over 110 years to create price assessments that reflect commodities' true values.  The resulting proprietary information has economic value.

70.     Platts entered into the Agreement and Services Attachments with Wood Mackenzie under which Wood Mackenzie was provided access to certain Platts proprietary information, and was limited to internal use and limited redistribution rights.

71.     Wood Mackenzie wrongfully maintained an ongoing contractual relationship with Platts and took advantage of that contractual relationship to use and benefit from Platts's proprietary information.  Further, Wood Mackenzie repeatedly attempted to circumvent the Agreement's prescribed terms for obtaining heightened licensing rights.  Despite Platts's express contractual right to information about the manner in which Wood Mackenzie uses Platts's proprietary information, Wood Mackenzie has not been forthright about that information.  Indeed, Wood Mackenzie has refused to provide Platts with a full picture of its usage.  Wood Mackenzie's bad faith conduct denied and was calculated to deny Platts the benefit of those contracts, including its bargained for expectation that Wood Mackenzie would respect and protect Platts's proprietary information.

72.     In so doing, Wood Mackenzie has, through deception and an abuse of the parties' relationship, misappropriated the fruit of Platts's labors and expenditures and unfairly competed by misusing Platts's proprietary information.

73.     As a result, Platts has suffered damages in an amount to be proven at trial.

74.     As a direct and proximate result of the actions of Wood Mackenzie alleged herein, Platts has been irreparably harmed, and that harm will continue absent an injunction

restraining Wood Mackenzie from improperly using, copying, publishing, disclosing, or transferring materials gained through the improper use of Platts's proprietary information.

## PRAYER FOR RELIEF

**WHEREFORE**, Platts respectfully requests:

A.      Judgment be entered that Wood Mackenzie breached the Agreement and Services Attachments;

B.      Judgment be entered that Wood Mackenzie breached the covenant of good faith and fair dealing;

C.      Judgment be entered that Wood Mackenzie engaged in unfair competition through misappropriation;

D.      An injunction requiring Wood Mackenzie to cease all use and disclosure of any portion of Platts's proprietary information, and to return or destroy all copies of Platts's proprietary information;

E.      An award to Platts of actual damages sustained as a result of Wood Mackenzie's breach of the Agreement and Services Attachments of an amount not less than $7,500,000;

F.      An award to Platts of actual damages sustained as a result of Wood Mackenzie's breach of the implied covenant of good faith and fair dealing of an amount not less than $7,500,000;

G.      An award to Platts of actual damages sustained as a result of Wood Mackenzie's unfair competition and misappropriation of an amount not less than $7,500,000;

H.      An award of attorneys' fees;

16

I.      Costs and expenses in this action; and

J.      Any and all other legal or equitable relief that the Court deems just and

proper.

Dated: New York, New York            Respectfully submitted,
        August 10, 2021
                                     HOGAN LOVELLS US LLP

                                     By: */s/ Courtney Devon Taylor*
                                         Courtney Devon Taylor
                                         Jonathan Coppola
                                         390 Madison Avenue
                                         New York, NY 10017
                                         Tel: 212-918-3000
                                         Fax: 212-918-3100
                                         courtney.taylor@hoganlovells.com
                                         jonathan.coppola@hoganlovells.com


                                         *Attorneys for Plaintiff,*
                                         *S&P Global Inc. d/b/a Platts*

17

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Platts demands a

trial by jury of all issues triable of right by a jury.


Dated: New York, New York
      August 10, 2021

Respectfully submitted,

HOGAN LOVELLS US LLP

By: */s/ Courtney Devon Taylor*
    Courtney Devon Taylor
    Jonathan Coppola
    390 Madison Avenue
    New York, NY 10017
    Tel: 212-918-3000
    Fax: 212-918-3100
    courtney.taylor@hoganlovells.com
    jonathan.coppola@hoganlovells.com

*Attorneys for Plaintiff,*
*S&P Global Inc. d/b/a Platts*